UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| ORNETH SOUTH, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 09-57-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| J.C. ZUERCHER, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Orneth South is currently confined in the United States Penitentiary-Big Sandy ("USP-Big Sandy"), which is located in Inez, Kentucky. South has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 and has paid the District Court filing fee of $5.00. In his petition, South challenges the sentence that was imposed upon him by the United States District Court for the Eastern District of New York. Specifically, he claims that his sentence is unlawful since it is the result of an erroneous enhancement to his Sentencing Guidelines offense level. The problem, however, is that a § 2241 petition before this Court is not the proper mechanism for pursuing this claim. Rather, this claim must be presented to the sentencing court via a motion under 28 U.S.C. § 2255. Therefore, South's § 2241 petition must be dismissed. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding that a district court has a duty under 28 U.S.C. § 2243 "to screen out a habeas corpus petition which should be dismissed for lack of merit on its face").

South argues that the sentencing court improperly enhanced his conviction under U.S.S.G. § 2B3.1(b)(7)(H), which requires a seven-level enhancement of a defendant's Sentencing Guidelines offense level if the sentencing court finds that the defendant committed a robbery that caused a loss in excess of $5,000,000. In particular, he alleges that the court erroneously concluded that he had caused the victims of his crimes to incur a financial loss of more than $5,000,000.00. South asserts that this Court should vacate his sentence because he is "factually and actually" innocent of causing a financial loss of $5,000,000.00. He acknowledges that he failed to either file a direct appeal of his sentence or a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See* R. 2, Part 2 at 2.

When a federal prisoner seeks to challenge the execution of his sentence, he may do so through a § 2241 petition filed in the district where he is incarcerated. *See Barnes v. Booker*, 116 F. App'x 560, 561 (6th Cir. 2004) (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)); *see also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). But, when a federal prisoner seeks to challenge the imposition—rather than the execution—of his sentence in a proceeding other than a direct appeal, he must do so via a § 2255 motion submitted to the sentencing court. *See Barnes*, 116 F. App'x at 561 (citing *Charles*, 180 F.3d at 755-56; *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)). There is, however, one exception to this rule: a federal prisoner can challenge the imposition of his sentence in a § 2241 petition instead of a § 2255 motion if the remedy provided by a § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Charles*, 180 F.3d at 756. This is an exceedingly narrow exception. Indeed, the Sixth Circuit has held that it only applies "when

the petitioner makes a claim of actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). Because South is simply attacking the validity of his sentence rather than arguing that he is actually innocent, this exception does not apply here. Thus, South's § 2241 petition must be dismissed because it is not the proper vehicle for the claims that he has asserted. Instead, these claims can only be pursued in a § 2255 motion presented to the sentencing court.

To be sure, South has attempted to fit his petition within the actual innocence exception by arguing that he is actually innocent of the conduct that formed the basis of his sentencing enhancement. This argument is unavailing, though, because it is well established that the actual innocence exception applies when there is a claim of "actual innocence of the underlying substantive offense, not 'innocence' of a sentencing factor." *Green v. Hemingway*, 67 F. App'x 255, 257 (6th Cir. 2003) (quoting *Rumler v. Hemingway*, 171 F. Supp. 2d 705, 709 (E.D. Mich. 2001)).

For the foregoing reasons, it is hereby **ORDERED** as follows:

(1) Petitioner South's petition for a writ of habeas corpus, R. 2, is **DENIED**;

(2) The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision would not be taken in good faith;

(3) This action shall be **DISMISSED WITHOUT PREJUDICE** and **STRICKEN** from the active docket;

(4)   Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This the 17th day of September, 2009.

Signed By:
*Amul R. Thapar* AT
United States District Judge